IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**CHARLES HAMNER,**                                                  **PLAINTIFF**
**ADC #143063**

**V.**                  **NO. 2:23-cv-00195-BSM-ERE**

**WILLIAM STRAUGHN,** *et al.*                            **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.**     **Background:**

Plaintiff Charles Hamner, an Arkansas Division of Correction ("ADC") inmate currently housed in the North Central Unit, filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. Mr. Hamner's original complaint alleged that Defendants: (1) violated his due process rights by holding him in restrictive housing for approximately three months while he was housed at the Wrightsville Unit; (2)

failed to protect him from his known enemies at the Tucker Unit by failing to house him in protective custody; (3) falsely imprisoned him; (4) committed the tort of outrage; (5) violated the Arkansas Civil Rights Act ; and (6) violated the Arkansas Constitution. He sued ADC Deputy Director William Straughn, Warden Richard Todd Ball, Lieutenant Natasha Penn, Deputy Warden Kenyon Randle, Building Major A.J. Johnson, Director Dexter Payne, Warden Moses Jackson, Deputy Warden Michael Richardson, Classification Officer V. Westbrook, and Major of Security Scott Taylor in their individual capacity only. Mr. Hamner sought both monetary and injunctive relief in his original complaint.

The Court previously determined that Mr. Hamner's original complaint was deficient and arguably failed to state a plausible constitutional claim. *Doc. 4*. However, rather than screen the original complaint and recommend dismissal, the Court postponed the screening process to give Mr. Hamner an opportunity to file an amended complaint clarifying his constitutional claims. Mr. Hamner has now filed an amended complaint. *Doc. 7*.

In his amended complaint, Mr. Hamner alleges that: (1) Defendants have falsely imprisoned him without due process of law; and (2) Defendants failed to protect him by denying his requests to be placed in protective custody.[1] He sues

---

[1] In his amended complaint, Mr. Hamner does not allege that Defendants committed the tort of outrage. Accordingly, the Court will consider that claim abandoned. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint

2

ADC Deputy Director William Straughn, Warden Richard Todd Ball, Lieutenant Natasha Penn, Deputy Warden Kenyon Randle, Building Major A.J. Johnson, and Director Dexter Payne in their official capacity only. He now seeks monetary damages only.

For the reasons explained below, Mr. Hamner's claims should be dismissed, without prejudice, for failure to state a plausible constitutional claim for relief.

## II.     Discussion:

### A.     Standard

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

---

and renders the original complaint without legal effect). In addition, Mr. Hamner does not name Moses Jackson, Michael Richardson, V. Wesbrook, or Scott Taylor as party Defendants. *Doc. 7 at 1-3*. Accordingly, he has also abandoned his claims against them. **The Clerk is instructed to terminate Moses Jackson, Michael Richardson, V. Westbrook, and Scott Taylor as party Defendants.**

### B.      Due Process Claim

Mr. Hamner's amended complaint alleges that unidentified ADC officers removed him from the short-term revocation program and transferred him to ADC custody without a parole hearing in violation of his right to due process.

If a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the state conviction, continued imprisonment, or sentence, then no claim lies unless the conviction or sentence is reversed, expunged, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-78 (1994). See also *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (under *Heck*, courts look to the essence of plaintiff's claims and not merely the form of relief sought). Any claim based on the invalidity of the state conviction, continued imprisonment, or sentence "that has not been so invalidated is not cognizable under § 1983." *Heck*, 512 U.S. at 487.

Because Mr. Hamner's allegations implicate the validity of his parole revocation and continued imprisonment, his due process claim is *Heck*-barred. *Newmy v. Johnson*, 758 F.3d 1008 (8th Cir. 2014) (applying *Heck* to claim implying the invalidity of a parole revocation).

Mr. Hamner is free to pursue this claim in a §2254 federal habeas petition. To do so, he must first raise the constitutional challenges[2] to his parole revocation in

---

[2] It is debatable whether Mr. Hamner's transfer from the short-term revocation program to

state court by filing and exhausting his avenues for direct appeal and post-conviction relief. After Mr. Hamner has fully exhausted all of his state remedies, he may file a § 2254 habeas petition in federal court. Only if Plaintiff's conviction is reversed in either state court or in a federal habeas case, may he file a § 1983 claim for monetary damages.

### C. Failure to Protect Claim

The Eighth Amendment requires prison officials to protect convicted prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).

To state a plausible claim that a defendant violated his constitutional right to protection, Mr. Hamner must allege facts sufficient to show that: (1) objectively, he was incarcerated under conditions posing a substantial risk of serious harm; and (2) subjectively, each defendant was "deliberately indifferent" to that risk. *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010) (quoting *Farmer*, 511 U.S. at 834). "The second requirement is a subjective test; a defendant must be 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (quoting *Farmer*, 511 U.S. at 837). Deliberate indifference describes a state of mind "akin to criminal recklessness."

---

ADC custody even involved a liberty interest. Without a liberty interest at stake, there can be no due process violation, in either a § 1983 case or a federal habeas action.

*Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021) (quoting *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009)). "This onerous standard requires a showing 'more than negligence, more even than gross negligence,' but less than "purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate[.]" *Thompson v. King*, 730 F.3d 742, 747 (8th Cir. 2013) (quoting *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008) (first quote) and *Schaub v. VonWald*, 638 F.3d 905, 914–15 (8th Cir. 2011) (second quote)).

Particularly relevant to Mr. Hamner's claims, "threats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." *Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996). And an "official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

Mr. Hamner does not allege that he has suffered any harm since March 2023. Instead, he proposes to bring a failure to protect claim based on his subjective and general fear of harm from inmates on his enemy alert list.

In his amended complaint, Mr. Hamner generally alleges that, from March 26, 2023, through May 31, 2023, enemies housed in restrictive continued to threaten him. *Doc. 7 at 7-8*. However, more specifically, based on the papers attached to Mr. Hamner's original complaint, while he was housed in the Tucker Unit, on May 14,

6

2023, an inmate listed on Mr. Hamner's enemy alert list was assigned close to him in restrictive housing and made a verbal threat towards him. *Doc. 2 at 36*. When ADC officials investigated Mr. Hamner's grievance regarding his complaint, they determined that, although the inmate was listed on his enemy alert list, there was no evidence to support his allegations. At that time, Mr. Hamner was housed in a one-man cell. As a result, Defendant Ball concluded that "your [Mr. Hamner's] request to be kept safe is being met." *Id*.

Mr. Hamner's amended complaint fails to explain how the conditions in his one-man cell in restrictive housing or his assignment to the general population of the Tucker or East Arkansas Regional Units[3] subjected him to a "substantial risk" of harm. In addition, he fails to allege how each named Defendant was deliberately indifferent to that risk. Accordingly, Mr. Hamner has failed to state a plausible failure to protect claim.

**D.    State Law Claims**

For the same reasons Mr. Hamner fails to state a federal constitutional claim for relief, he also fails to state a claim for relief under the Arkansas Constitution and the Arkansas Civil Rights Act. See *Stewart v. Garcia*, No. 3:21-CV-75-DPM, 2023 WL 4561072, at *2 (E.D. Ark. July 17, 2023) (citing *Graham v. Cawthorn*, 2013

---

[3] Mr. Hamner is now housed at the North Central Unit of the ADC. *Doc. 6*.

Ark. 160, at 13-14 (2013) (explaining that plaintiff's excessive force, unlawful arrest, and denial of medical care claims under the Arkansas Constitution and the Arkansas Civil Rights Act tracked federal claims and therefore required no separate analysis).

## IV. <u>Conclusion</u>:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Hamner's claims be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4. The Clerk be directed to close this case.

Dated 13 October 2023.

_____
UNITED STATES MAGISTRATE JUDGE